**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| Nancy Spatz and Dr. Joy Brigman | |
| Plaintiffs, | Case No.: |
| v. | |
| Lee's Summit R-7 School District, | Div.: |
| Defendant. | |

## COMPLAINT

Nancy Spatz and Dr. Joy Brigman, through counsel, state the following as their

Compliant against the Lee's Summit R-7 School District:

## PARTIES

1.      Defendant the Lee's Summit R-7 School District (hereafter the "District" or

"Defendant") is a public-school district organized under Missouri law and located in Jackson

County, Missouri.

2.      Plaintiff Nancy Spatz is a resident of Jackson County, Missouri and is employed

by the District or Defendant as a field technology specialist.

3.      Plaintiff Dr. Joy Brigman is a resident of Jackson County, Missouri and is

employed by the District as an elementary school assistant principal.

## JURISDICTION, VENUE AND ADMINISTRATIVE PROCEDURAL BACKGROUND

4.      This Court has jurisdiction pursuant to 28 U.S.C. §1331in that Plaintiffs assert

causes of action that raise Federal Questions, Plaintiffs request the Court exercise supplemental

jurisdiction over the state claims asserted herein.

5.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 and § 213.111.1 R.S.Mo., and § 478.461, in that the unlawful discriminatory practices are alleged to have occurred in the eastern portion of Jackson County, Missouri and Defendant is located in the eastern portion of Jackson County, Missouri.

6.      On February 20, 2020, Nancy Spatz filed a Charge of Discrimination with the Missouri Commission on Human Rights against Defendant.   Attached hereto as Exhibit A and incorporated herein by reference is Nancy Spatz' Charge of Discrimination.  Plaintiff Spatz asserted her Charge on behalf of all similarly situated employees and raised pattern and practice allegations.

7.      On February 2, 2021, Nancy Spatz received a Right to Sue Notice from the EEOC.  Attached hereto as Exhibit B and incorporated herein by reference is Nancy Spatz' Notice of Right to Sue.

8.      This action has been commenced within 90 days of the date of the Notice of Right to Sue.

9.      On June 4, 2020, Dr. Joy Brigman filed a Charge of Discrimination with the Missouri Commission on Human Rights against Defendant.  Attached hereto as Exhibit C and incorporated herein by reference is Plaintiff Brigman's Charge of Discrimination.

10.     On February 2, 2021, a Right to Sue Issue bearing the Charge Number for Dr. Joy Brigman appears to have been mistakenly issued as an additional right to sue notice to Plaintiff Nancy Spatz, accordingly, and out of an abundance of caution, Plaintiff Brigman is filing this action based on the assumption that the EEOC intended to issue a Right to Sue to her and simply failed to change the name of the Claimant from Nancy Spatz to Dr. Joy Brigman.  A copy of this Right to Sue is attached hereto as Exhibit D.

11.    This action has been commenced within 90 days of the date of the Notice of Right to Sue.

<u>**FACTS COMMON TO ALL COUNTS**</u>

12.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 11 and reassert said allegations as if fully set forth herein.

13.    District employees are paid based on a salary schedule.  The District has various salary schedules for different classifications of employees.  However, the overall structure of the schedule is nearly identical.  Employees are initially placed on a step at date of hire and in some years the District grants salary increases through step movement.  In some years there are salary freezes and, in some years, there are compensation adjustments to the base salary but not step increases.

14.    The District has not adopted guidelines regarding step placement for administrators or non-certificated positions nor does the District follow any procedure to ensure that initial step placement is not discriminatory.  For instance, male administrators and employees in the computer technology department are regularly provided placement considering all prior experience and whereas these same standards are not considered in the placement of existing staff or administrators.  Moreover, the placement of male administrators does not consider levels of education.  Thus, newly hired, male administrators without a doctorate receive placement above female administrators with doctorates.

15.    Similarly, males hired within the computer technology department are permitted to claim prior service as credit in placement on the salary schedule, whereas similarly situated women are not permitted this right and are further not permitted to use prior experience within the District to bolster placement on the salary schedule.

16. For new employees, all prior years of service are considered in determining initial step placement. Thus, a new employee with 5 years' experience may be placed at step 5, whereas a veteran district employee with more or the same experience may only be on step 2 or 3.

17. This policy of granting credit for all prior years of service teaching for new hires adversely impacts older employees and female employees resulting in significant pay disparity.

### Allegations Relative to Plaintiff Spatz

18. Plaintiff Nancy Spatz is a field technology specialist and has been employed by the District since 2001. Plaintiff Spatz has a Bachelor of Science in Engineering and a Masters in Engineering Management. Prior to working for the District, Plaintiff Spatz had over eight years' experience managing engineers.

19. On or about August 28, 2019, Plaintiff Spatz was provided historical pay data in connection with a salary grievance filed with the District.

20. The salary data provided indicated that younger, male technology specialist were being paid substantially more than similarly and, often more qualified, female counterparts.

21. Following an investigation as required by Policy AC, the District substantiated that female technology employees were across the board being paid less than similarly situated men. Nevertheless, the District denied that this pay disparity was because of age or gender.

22. The investigation further found that Policy GCBA does not adequately address placement on the salary steps because the District has not adopted guidelines for salary step placement.

23. In addition to initial step placement that benefits younger men, the pattern and practice of the District was to permit men moving from one job to the next (i.e. changing range)

to retain step placement. Thus, if a male employee was promoted from a site tech to a field tech, he would be allowed to retain step placement. Women who received promotions were relegated to step one in the new salary range.

24.     During a ten-year period, all female employees promoted from site tech to field tech were dropped to step one in the salary range corresponding with the new position.

25.     During that same ten-year period, all males promoted from site tech to field tech could keep prior step placement.

26.     Moreover, during this time virtually all external hires have been men.

27.     A District employee responsible for hiring in the technology department stated to the effect that the days of hiring stay at home moms in the technology department are over.

28.     Most of the women working in the Lee's Summit technology department are mothers who took breaks from their professional careers to raise children and then returned to the workforce.

29.     Plaintiff Spatz, who has 20 years applicable experience, was promoted from site tech to field tech. As a result of this promotion, her step placement was dropped to step one.

30.     A male employee with less experience and education was hired from outside the district as a field technology specialist and started at step 17.

31.     In February of 2020, after Plaintiff Spatz filed a grievance and Charge of Discrimination, a revision to Plaintiff Spatz salary was made that attempted to bring about more equitable pay, however, this change in compensation still placed Plaintiff Spatz at a pay rate below similarly situated men.

32.     Moreover, the salary schedule was modified the following school year resulting in a change leaving Plaintiff Spatz, again placed lower than similarly situated male employees.

*Allegations Relative to Dr. Joy Brigman*

33.     Plaintiff Dr. Joy Brigman is an assistant principal at Prairie View Elementary.

34.     Plaintiff Brigman has a Doctorate in Educational Leadership and has been an educator for 26 years, 23 of which have been with the District.

35.     Plaintiff Brigman is paid less than her male counterparts despite having more education, including a doctorate and having spent more time within the District.

36.     Plaintiff Brigman, like other administrators, filed a grievance with the District which was investigated and, the factual allegations were substantiated. Nevertheless, the District took the position that the pay differentials were not the result of gender or age.

37.     Upon information and belief, the District has a pattern and practice of failing to comply with Policy AC in connection with the investigation of potentially unlawful conduct. Specifically, the District regularly uses its own counsel to conduct the investigations and then confirms the allegations yet concludes that such conduct is not unlawful. Thus, Policy AC which is intended to eradicate illegal behavior is used to justify such behavior.

38.     In fact, other employees had, prior to April 2019, observed significant pay disparities and reported these concerns to the human resources department.

39.     In some situations, when an older, veteran and generally female employee transfers from one position within the District to another, she is relegated to Step 1 and thus not given credit for prior experience, while new, generally male hires to the same position are given credit for years of experience at another school district or outside field.

40.     Despite prior notice of significant pay disparity, no action was taken by the District.

41.     On March 12, 2020, the District Board of Education was presented compelling evidence of pay disparity.  The District was presented evidence that because of granting credit for years of service to new hires while not providing similar credit to existing employees the older, veteran employees, usually women, were being paid at a disparate rate.

**COUNT I: DISPARATE TREATMENT BASED ON AGE
IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT**

42.     Plaintiffs incorporate by reference the allegations of paragraphs 1 through 41 and reassert said allegations as if fully set forth herein.

43.     Defendant is an "employer" within the meaning to of the Missouri Human Rights Act, § 213.010(7) R.S.Mo.

44.     Plaintiff Spatz and Brigman (hereinafter collectively "Plaintiffs") are each over the age of 40 and thus within a protected classification.

45.     Age was a motivating factor in the Defendants' application of the salary schedule to Plaintiffs.

46.     By its application of the salary schedule to Plaintiffs as described above, the District discriminated against Plaintiffs with respect to terms, conditions and compensation because of their age by *inter alia*, paying younger employees more, allowing younger employees preferential placement or to negotiate placement on the salary schedule, crediting younger employees with broader prior service credit than veteran employees and disregarding education of veteran employee when placing younger employees on the salary schedule.

47.     By its discriminatory application of the salary schedule, Plaintiffs suffered an adverse employment action because of their age in that they have been treated differently with respect to the terms, conditions and wages of their employment.

48. Because of Defendant's actions described here, Plaintiffs have lost wages and continue to lose other financial incidents and benefits of employment.

WHEREFORE Plaintiffs pray that this Court grant the following relief:

a. Declare that Defendant violated the Missouri Human Rights Act by its application of the Salary Schedule to Plaintiffs;

b. Declare that Defendant applied its Salary Schedule to Plaintiffs unfairly, because of their age;

c. Enter an order enjoining the District's discriminatory application of the salary schedule because of age and further order the District to implement guidelines as required by Policy GCBA ensuring consistent and non-discriminatory application of the Salary Schedule;

d. For the 2017-19 school years and each subsequent school year up to the time of trial, award Plaintiffs an amount commensurate with their years of experience and education and that of their comparable younger peers;

e. Award Plaintiffs additional pension benefits under the Public School Retirement System commensurate with the amounts that they would have earned had their pay been commensurate with their years of experience and that of their comparable younger peers;

f. Award Plaintiffs damages actual damages;

g. Award Plaintiffs their attorneys' fees and costs and prejudgment interest;

h. Award Plaintiffs such other and further relief as may be just and proper under the circumstances.

## COUNT II: DISPARATE TREATMENT BASED ON SEX IN VIOLATION OF MHRA

49.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 63 and reassert said allegations as if fully set forth herein.

50.    Defendant is an "employer" within the meaning to of the Missouri Human Rights Act, § 213.010(7) R.S.Mo.

51.    Sex was a motivating factor in the Defendants' application of the salary schedule to Plaintiffs.

52.    By its application of the salary schedule to Plaintiffs as described above, the District discriminated against Plaintiffs with respect to terms, conditions and compensation because of their sex by *inter alia*, paying male employees more, allowing male employees preferential placement or to negotiate placement on the salary schedule, crediting male employees with broader prior service credit than female employees and disregarding education of female employees when placing male employees on the salary schedule.

53.    By its discriminatory application of the salary schedule, Plaintiffs each suffered an adverse employment action because of their sex.

54.    Because of Defendant's actions described here, Plaintiff have lost and continue to lose wages and other financial incidents and benefits of employment.

55.    Because of Defendant's conduct, Plaintiffs have suffered actual damages.

WHEREFORE Plaintiffs pray that this Court grant the following relief:

a.  Declare that Defendant violated the Missouri Human Rights Act by its application of the Salary Schedule to Plaintiffs;

b.  Declare that Defendant applied its Salary Schedule to Plaintiffs unfairly, because of their gender/sex;

c. Enter an order enjoining the District's discriminatory application of the salary schedule because of gender/sex and further order the District to implement guidelines as required by Policy GCBA ensuring consistent and non-discriminatory application of the Salary Schedule;

d. For the 2017-19 school years and each subsequent school year up to the time of trial, award Plaintiffs an amount commensurate with their years of experience and that of their comparable male peers;

e. Award Plaintiffs additional pension benefits under the Public School Retirement System commensurate with the amounts that they would have earned had their pay been commensurate with their years of experience and that of their comparable male peers;

f. Award Plaintiffs damages actual damages;

g. Award Plaintiffs their attorneys' fees and costs and prejudgment interest;

h. Award Plaintiffs such other and further relief as may be just and proper under the circumstances.

## COUNT III: DISPARATE TREATMENT BASED ON SEX IN VIOATION OF TITLE VII

56. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 62 and reassert said allegations as if fully set forth herein.

57. Defendant is an "employer" within the meaning to of Title VII of the Civil Rights Act.

58. Plaintiffs are female and have suffered the adverse employment actions of reduced pay, benefits and salary schedule placement and Plaintiff's Sex was a motivating factor in the Defendants' application of the salary schedule to Plaintiffs.

59.     By its application of the salary schedule to Plaintiffs as described above, the District discriminated against Plaintiffs with respect to terms, conditions and compensation because of their sex by *inter alia*, paying male employees more, allowing male employees preferential placement or to negotiate placement on the salary schedule, crediting male employees with broader prior service credit than female employees and disregarding education of female employees when placing male employees on the salary schedule.

60.     By its discriminatory application of the salary schedule, Plaintiffs each suffered an adverse employment action because of their sex.

61.     Because of Defendant's actions described here, Plaintiff have lost and continue to lose wages and other financial incidents and benefits of employment.

62.     Because of Defendant's conduct, Plaintiffs have suffered actual damages.

WHEREFORE Plaintiffs pray that this Court grant the following relief:

a.  Declare that Defendant violated the Title VII by its application of the Salary Schedule to Plaintiffs;

b.  Declare that Defendant applied its Salary Schedule to Plaintiffs unfairly, because of their gender/sex;

c.  Enter an order enjoining the District's discriminatory application of the salary schedule because of gender/sex and further order the District to implement guidelines as required by Policy GCBA ensuring consistent and non-discriminatory application of the Salary Schedule;

d.  For the 2017-19 school years and each subsequent school year up to the time of trial, award Plaintiffs an amount commensurate with their years of experience and that of their comparable male peers;

e.   Award Plaintiffs additional pension benefits under the Public School Retirement System commensurate with the amounts that they would have earned had their pay been commensurate with their years of experience and that of their comparable male peers;

f.   Award Plaintiffs damages actual damages;

g.   Award Plaintiffs their attorneys' fees and costs and prejudgment interest;

h.   Award Plaintiffs such other and further relief as may be just and proper under the circumstances.

## COUNT V. – DISPARATE TREATMENT IN VIOLATION OF THE ADEA

63.     Plaintiffs incorporate by reference the allegations of paragraphs 1 through 62 and reassert said allegations as if fully set forth herein.

64.     Defendant is an "employer" within the meaning to of the Age Discrimination in Employment Act.

65.     Plaintiffs are each over the age of 40 and thus within a protected classification.

66.     Plaintiffs are duly qualified for their position.

67.     Plaintiffs suffered and continue to suffer the adverse employment action of reduced pay, benefits and placement on the salary schedule because of their age.

68.     Substantially younger, similarly situated employees are treated more favorably with respect to placement on the salary schedule, relative pay and receipt of benefits.

69.     By its application of the salary schedule to Plaintiffs as described above, the District discriminated against Plaintiffs with respect to terms, conditions and compensation because of their age by *inter alia*, paying younger employees more, allowing younger employees preferential placement or to negotiate placement on the salary schedule, crediting younger

employees with broader prior service credit than veteran employees and disregarding education of veteran employee when placing younger employees on the salary schedule.

70.     By its discriminatory application of the salary schedule, Plaintiffs suffered an adverse employment action because of their age in that they have been treated differently with respect to the terms, conditions and wages of their employment.

71.     Because of Defendant's actions described here, Plaintiffs have lost wages and continue to lose other financial incidents and benefits of employment.

72.     The actions of the Defendant are willful in that the Defendant knew that its pay structure violated federal law.

WHEREFORE Plaintiffs pray that this Court grant the following relief:

   a.  Declare that Defendant violated the ADEA by its application of the Salary Schedule to Plaintiffs;

   b.  Declare that Defendant applied its Salary Schedule to Plaintiffs unfairly, because of their age;

   c.  Enter an order enjoining the District's discriminatory application of the salary schedule because of age and further order the District to implement guidelines as required by Policy GCBA ensuring consistent and non-discriminatory application of the Salary Schedule;

   d.  For the 2017-19 school years and each subsequent school year up to the time of trial, award Plaintiffs an amount commensurate with their years of experience and education and that of their comparable younger peers;

   e.  Award Plaintiffs additional pension benefits under the Public School Retirement System commensurate with the amounts that they would have earned had their

pay been commensurate with their years of experience and that of their

comparable younger peers;

f.   Award Plaintiffs damages actual damages;

g.   Award Plaintiffs their attorneys' fees and costs and prejudgment interest;

h.   Award Plaintiffs such other and further relief as may be just and proper under the

circumstances.

## COUNT VI – DISPARATE IMPACT BASED ON AGE IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT.

73.   Plaintiffs incorporate by reference the allegations of paragraphs 1 through 72 and reassert said allegations as if fully set forth herein.

74.   In addition to or in the alternative, the District's application of the Salary Schedule is a facially neutral employment practice that has a disparate impact on staff over the age of 40.

75.   By the application of its Salary Scheduled as aforesaid, the Salary Schedule has a discriminatory impact on staff over the age of 40.

76.   The District's practice of granting prior years of service credit to new hires results in a statistically significant impact upon the wages of employees over the age of 40 in that long term employees are frequently pay the same or less than similarly situated younger employees who have been hired into the District.

77.   Moreover, the District has a pattern and practice of discriminating against its older employees.  By allowing new hired younger employee to have hire initial step placement than existing employees and higher relative step placement than many long-term employees.

78.   As a consequence, Plaintiffs have lost and continue to lose wages and other incidents and benefits of employment because of their age.

79.     As a further consequence, Plaintiffs have sustained actual damages.

WHEREFORE Plaintiffs pray that this Court grant the following relief:

    a.  Declare that Defendant violated the Missouri Human Rights Act by its application of the Salary Schedule to Plaintiffs;

    b.  Declare that Defendant applied its Salary Schedule to Plaintiffs unfairly, because of their age;

    c.  Enter an order enjoining the District's discriminatory application of the salary schedule because of age and further order the District to implement guidelines as required by Policy GCBA ensuring consistent and non-discriminatory application of the Salary Schedule;

    d.  For the 2017-19 school years and each subsequent school year up to the time of trial, award Plaintiffs an amount commensurate with their years of experience and education and that of their comparable male peers;

    e.  Award Plaintiffs additional pension benefits under the Public School Retirement System commensurate with the amounts that they would have earned had their pay been commensurate with their years of experience and that of their comparable male peers;

    f.  Award Plaintiffs damages actual damages;

    g.  Award Plaintiffs their attorneys' fees and costs and prejudgment interest;

    h.  Award Plaintiffs such other and further relief as may be just and proper under the circumstances.

## COUNT VII- DISPARATE IMPACT BASED ON SEX IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

80.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 79 and reassert said allegations as if fully set forth herein.

81.    In addition to or in the alternative, the District's application of the Salary Schedule is a facially neutral employment practice that has a disparate impact on female staff.

82.    By the application of its Salary Scheduled as aforesaid, the Salary Schedule has a discriminatory impact on female staff.

83.    The District's practice of granting prior years of service credit to new hires results in a statistically significant impact upon the wages of female employees in that long term employees are frequently paid the same or less than similarly situated male employees who have been hired into the District.

84.    Moreover, the District has a pattern and practice of discriminating against its female employees.  By allowing male employees to have higher initial step placement than existing female employees with the same or similar experience and higher relative step placement than many long-term female employees.

85.    As a consequence, Plaintiffs have lost and continue to lose wages and other incidents and benefits of employment because of their sex.

86.    As a further consequence, Plaintiffs have sustained actual damages.

WHEREFORE Plaintiffs pray that this Court grant the following relief:

a.    Declare that Defendant violated the Missouri Human Rights Act by its application of the Salary Schedule to Plaintiffs;

b.    Declare that Defendant applied its Salary Schedule to Plaintiffs unfairly, because of their sex/gender;

c.  Enter an order enjoining the District's discriminatory application of the salary schedule because of age and further order the District to implement guidelines as required by Policy GCBA ensuring consistent and non-discriminatory application of the Salary Schedule;

d.  For the 2017-19 school years and each subsequent school year up to the time of trial, award Plaintiffs an amount commensurate with their years of experience and that of their comparable male peers;

e.  Award Plaintiffs additional pension benefits under the Public School Retirement System commensurate with the amounts that they would have earned had their pay been commensurate with their years of experience and that of their comparable male peers;

f.  Award Plaintiffs damages actual damages;

g.  Award Plaintiffs their attorneys' fees and costs and prejudgment interest;

h.  Award Plaintiffs such other and further relief as may be just and proper under the circumstances.

## COUNT VIII – DISPARATE IMPACT BASED ON SEX/GENDER IN VIOLATION OF TITLE VII

87.     Plaintiffs incorporate by reference the allegations of paragraphs 1 through 86 and reassert said allegations as if fully set forth herein.

88.     In addition to or in the alternative, the District's application of the Salary Schedule is a facially neutral employment practice that has a disparate impact on female staff.

89.     By the application of its Salary Scheduled as aforesaid, the Salary Schedule has a discriminatory impact on female staff.

90.     The District's practice of granting prior years of service credit to new hires results in a statistically significant impact upon the wages of female employees in that long term employees are frequently paid the same or less than similarly situated male employees who have been hired into the District.

91.     Moreover, the District has a pattern and practice of discriminating against its female employees.  By allowing male employees to have higher initial step placement than existing female employees with the same or similar experience and higher relative step placement than many long-term female employees.

92.     As a consequence, Plaintiffs have lost and continue to lose wages and other incidents and benefits of employment because of their sex.

93.     As a further consequence, Plaintiffs have sustained actual damages.

WHEREFORE Plaintiffs pray that this Court grant the following relief:

a.  Declare that Defendant violated the Missouri Human Rights Act by its application of the Salary Schedule to Plaintiffs;

b.  Declare that Defendant applied its Salary Schedule to Plaintiffs unfairly, because of their sex/gender;

c.  Enter an order enjoining the District's discriminatory application of the salary schedule because of age and further order the District to implement guidelines as required by Policy GCBA ensuring consistent and non-discriminatory application of the Salary Schedule;

d.  For the 2017-19 school years and each subsequent school year up to the time of trial, award Plaintiffs an amount commensurate with their years of experience and that of their comparable male peers;

e. Award Plaintiffs additional pension benefits under the Public School Retirement System commensurate with the amounts that they would have earned had their pay been commensurate with their years of experience and that of their comparable male peers;

f. Award Plaintiffs damages actual damages;

g. Award Plaintiffs their attorneys' fees and costs and prejudgment interest;

h. Award Plaintiffs such other and further relief as may be just and proper under the circumstances.

## COUNT IX – DISPARATE IMPACT BASED ON AGE IN VIOLATION OF THE ADEA

94. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 93 and reassert said allegations as if fully set forth herein.

95. In addition to or in the alternative, the District's application of the Salary Schedule is a facially neutral employment practice that has a disparate impact on staff over the age of 40.

96. By the application of its Salary Scheduled as aforesaid, the Salary Schedule has a discriminatory impact on staff over the age of 40.

97. The District's practice of granting prior years of service credit to new hires results in a statistically significant impact upon the wages of employees over the age of 40 in that long term employees are frequently pay the same or less than similarly situated younger employees who have been hired into the District.

98. Moreover, the District has a pattern and practice of discriminating against its older employees. By allowing new hired younger employee to have hire initial step placement than existing employees and higher relative step placement than many long-term employees.

99.    As a consequence, Plaintiffs have lost and continue to lose wages and other incidents and benefits of employment because of their age.

100.    As a further consequence, Plaintiffs have sustained actual damages.

WHEREFORE Plaintiffs pray that this Court grant the following relief:

    a.  Declare that Defendant violated the ADEA by its application of the Salary Schedule to Plaintiffs;

    b.  Declare that Defendant applied its Salary Schedule to Plaintiffs unfairly, because of their age;

    c.  Enter an order enjoining the District's discriminatory application of the salary schedule because of age and further order the District to implement guidelines as required by Policy GCBA ensuring consistent and non-discriminatory application of the Salary Schedule;

    d.  For the 2017-19 school years and each subsequent school year up to the time of trial, award Plaintiffs an amount commensurate with their years of experience and education and that of their comparable male peers;

    e.  Award Plaintiffs additional pension benefits under the Public School Retirement System commensurate with the amounts that they would have earned had their pay been commensurate with their years of experience and that of their comparable male peers;

    f.  Award Plaintiffs damages actual damages;

    g.  Award Plaintiffs their attorneys' fees and costs and prejudgment interest;

    h.  Award Plaintiffs such other and further relief as may be just and proper under the circumstances.

## COUNT XI. - RETALIATION – MHRA, TITLE VII and ADEA

101.     Plaintiff incorporate by reference paragraphs 1-100 of this Complaint as though fully set forth herein.

102.     Plaintiffs each filed a Charge of Discrimination alleging discriminatory pay practices by the District.

103.     Filing a Charge of Discrimination is protected activity subject to RSMo 213.070, Title VII, and the ADEA.

104.     After filing a Charge of Discrimination, the District retaliated against Plaintiffs by equalizing pay for employees who did not file Charges of Discrimination.

105.     Plaintiffs have sustained damages because of the District's discriminatory and retaliatory conduct.

106.     Because of Defendant's actions described here, Plaintiff have lost wages and continue to lose other financial incidents and benefits of employment.

107.     Plaintiffs seek all damages available pursuant to the Missouri Human Rights Act, Title VII and the ADEA.

WHEREFORE Plaintiffs pray that this Court grant the following relief:

    a.   Award Plaintiffs lost wages, lost benefits and actual damages and;

    b.   Award Plaintiffs their attorneys' fees and costs and prejudgment interest;

    c.   Award Plaintiffs such other and further relief as may be just and proper under the circumstances.

**KAPKE & WILLERTH L.L.C.**

By*: /s/ George E. Kapke, Jr.*
George E. Kapke, Jr.   MO #52114
3304 N.E. Ralph Powell Road
Lee's Summit, Missouri 64064

Telephone: 816-461-3800
Facsimile: 816-254-8014
ted@kapkewillerth.com

THE KLAMANN LAW FIRM
Andrew Schermerhorn   MO 62101
4435 Main Street, Suite 150
Kansas City, MO 64111
Telephone: (816) 421-2626
Facsimile:  (816) 421-8686
ajs@klamannlaw.com
**ATTORNEY FOR PLAINTIFFS**